IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAB R. LARSON, Individually, and as Personal Representative of the Estate of Kari Lyn Larson, Deceased; and JAN A. LARSON, Individually;<br><br>                Plaintiffs,<br><br>vs.<br><br>AMERIPRISE FINANCIAL SERVICES, INC., a Foreign Corporation doing business in Nebraska;<br><br>                Defendant. | 4:16CV3025<br><br>**MEMORANDUM AND ORDER** |

The defendant has moved to stay this matter and to compel arbitration. (Filing No. 8). For the reasons stated below, Defendant's motion is granted.

BACKGROUND

On May 16, 2013, Kari Larson applied for and opened multiple individual retirement accounts ("IRAs") with the defendant, Ameriprise Financial Services: She opened a Brokerage IRA Account, no. 909XXXX, an Active Portfolio IRA Account, no. 146XXXX, and an SPS Advantage IRA Account, no. 719XXX. She later acquired shares of Columbia Income Builder Fund-A which were held has part of her Ameriprise portfolio as account number 1108XXXX. Prior to opening these accounts, Kari Larson executed a beneficiary agreement which named Plaintiffs Tab Larson and Jan Larson as transfer on death beneficiaries. (Filing No. 1 at CM/ECF p. 2).

After Kari Larson's death, the defendant distributed the content of the referenced accounts to Brandon A. Willis. Plaintiffs have filed claims for breach of contract and third-party claims on behalf of themselves, individually, and on behalf of Kari Larson's estate, alleging the defendant wrongfully distributed the retirement account funds. (See Filing No. 1).

As to each account, when the accounts were opened, Kari Larson acknowledged and signed forms containing language requiring arbitration of "any controversies." (Filing Nos. 10-5 at CM/ECF pp. 9–10; 10-6 at CM/ECF p. 3; 10-7 at CM/ECF p. 8).[1] Defendants have moved to enforce these broad arbitration provisions.

LEGAL ANALYSIS

"Congress enacted the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16 (1994), 'to reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts.'" Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 679 (8th Cir. 2001) (quoting Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24, 111 S. Ct. 1647, 114 L. Ed. 2d 26 (1991)). The FAA "makes written arbitration agreements 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of a contract.'" Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 629-30, 129 S. Ct. 1896, 173 L. Ed. 2d 832 (2009) (quoting 9 U.S.C. § 2). Under § 2 of the FAA a "written provision in any . . . contract evidencing a transaction 'involving commerce' providing for the settlement of future disputes by arbitration is enforceable." 9 U.S.C. § 2.

The parties do not dispute and the court finds that the FAA applies to the current matter. IRAs are transactions involving commerce and are included within the purview of the FAA. See Rosemann v. Sigillito, 877 F.Supp. 2d 763, 769 (E.D. Mo. 2012) (citing 9 U.S.C. § 2).

---

[1] The court notes the wording of the arbitration provisions varied slightly for the individual accounts but generally contained broad wording stating the parties agreed to arbitrate "any controversies arising between Kari Larson and Ameriprise" or "any controversy arising out of, or relating to, the Account[.]" See Filing Nos. 10-5 at CM/ECF pp. 9–10; 10-6 at CM/ECF p. 3; 10-7 at CM/ECF p. 8

Arbitration is favored. This court's role is to engage in a limited inquiry to "determine whether there is a valid agreement to arbitrate and whether the specific dispute at issue falls within the substantive scope of that agreement." [Larry's United Super, Inc. v. Werries, 253 F.3d 1083, 1085 (8th Cir. 2001)](). If the court so finds, Section 3 of the FAA requires a stay of proceedings subject to an arbitration agreement, and § 4 empowers the court to compel the parties to proceed with arbitration. [9 U.S.C. §§ 3, 4](). "The party resisting arbitration bears the burden of demonstrating the motion to compel arbitration should be denied." [Green Tree Financial Corp. -Alabama v. Randolph, 531 U.S. 79, 91 (2000)]().

Although Kari Larson's estate was not a signatory to the arbitration agreement, a decedent's estate "stands in the decedent's shoes and has the same rights and obligations as the decedent did while [she] was alive." [Sheet Metal Workers Local No. 2 v. Silgan Containers Mgf. Corp., 690 F.3d 963, 967 (8th Cir. 2012)](). Regarding Plaintiffs' individual claims, courts reason that if a nonsignatory wishes to obtain the benefits of the contract, he must accept the contract's terms as a whole and cannot avoid the application of certain provisions. [St. Paul Fire & Marine Ins. Co. v. API, Inc., 2004 WL 2161181 (Minn. App. 2004)](); [Edward D. Jones, Co., LIP v. Ventura , 907 So.2d 1035, 1042 (Ala. 2005)]().

As to each account from which Plaintiffs wish to benefit, Defendant and Kari Larson entered into a written agreement to arbitrate "any controversy." [Filing Nos. 10-5 at CM/ECF pp. 9–10](); [10-6 at CM/ECF p. 3](); [10-7 at CM/ECF p. 8](). The estate's breach of contract claims arise directly from the account contracts and are governed by the arbitration provisions within those contracts. And the individual complaints brought by Tab and Jan Larson seek to obtain the benefits of Kari Larson's accounts. As such, each Plaintiff is must comply with the arbitration provisions with the account documents.

The parties do not dispute that the accounts at issue were subject to arbitration clauses. They also do not dispute that these arbitration clauses are binding on the Plaintiffs. In fact, Plaintiffs did not actually oppose Defendants' motion to stay and compel arbitration. Instead, Plaintiffs' Reply to Defendant's Motion, ([filing no. 13]()), merely requests the court

enter an order estopping the defendant from asserting that the beneficiary form was not a valid contract. (See Filing No. 13). Plaintiffs' request is not relevant to and is beyond the scope of the current motion.

IT IS THEREBY ORDERED

1) Defendant's Motion to Stay and Compel Arbitration, (filing no. 8), is granted.

2) This case is stayed pending arbitration.

3) The parties are directed to proceed to arbitration. Every 60 days from the date of this order, counsel for the parties shall file a joint status report regarding the progress of the arbitration proceedings.

4) The Clerk of the Court is directed to set an initial Status Report Deadline of July 8, 2016.

Dated this 9th day of May, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.